(Scioto County Court of Common Pleas.)

## MARY CREEKBAUM *v.* CAROLINE SOHNER.

The widow of a deceased soldier, who draws a pension, a portion of which is drawn on account of her child, under the provisions of section 4702, of the Revised Statutes of the United States, is not required, after such child attains its majority, to pay over to it the amount so received.

"For each child," as used in said section, means, because of the existence of such child, and not for the use of the child to be accounted for by the widow as for money had and received.

(Decided October 1, 1894.)

---

DEVER, J.

The first cause of action in this suit, is a simple action under the common count for money had and received; but it appears from the evidence and statements of counsel for the plaintiff, that it is brought to recover $258.60, paid to the defendant Caroline Sohner as a pension, and received by her on account of, or for the plaintiff. It appears from the testimony that in 1866, defendant was married to John Sohner, who was a private in Battery L., First Ohio Light Artillery, and who died in the year 1873; that the defendant has remained his widow ever since; that the plaintiff is the oldest child of John Sohner and the defendant Caroline Sohner, and was born in 1868. It further appears that on October 6, 1887, the defendant applied for a pension as the widow of said John Sohner, under the provisions of sections 4702 and 4703, of the Revised Statutes of the United States; that on April 12, 1890, she received a check for $2732.34, of which amount the sum of $258.60, was paid to her on account of her child, the plaintiff.

Said sec. 4703, reads as follows: "The pensions of widows shall be increased from and after the 25th day of July, eighteen hundred and sixty-six, at the rate of two dollars per month for each child under the age of sixteen years of the husband on account of whose death the claim has been or shall be granted. And in every case in which the deceased husband has left, or shall leave, no widow, or where his widow has died, or married again, or where she has been deprived of her pension under the provisions of the pension law, the pension granted to such child or children shall be increased to the same amount per month that would be allowed under the foregoing provisions to the widow, if living and entitled to a pension. Provided, that the additional pension herein granted to the widow on account of the child or children of the husband by a former wife, shall be paid to her only for such period of her widowhood as she has been, or shall be, charged with the maintenance of such child or children; for any period during which she has not been, or shall not be, so charged, it shall be granted and paid to the guardian of such child or children: Provided further, that a widow or guardian, to whom increase of pension has been, or shall hereafter be granted on account of minor children, shall not be deprived thereof by reason of their being maintained, in whole or in part, at the expense of a state or the public in any educational institution, or in any institution organized for the care of soldiers' orphans."

Now, the plaintiff claims that she assisted her mother, and encouraged her in procuring this pension; that she performed services for her while she was collecting' testimony, and in other ways assisted her in obtaining said pention; that at that time, and at many times afterwards, her mother, this defendant, promised to pay to her the amount so received on her own account. The defendant claims that the entire pension received by her, was a widow's pension, and was paid to her as her own, and to be used as she saw fit. The defendant further contends that the word " for," in section 4703, where it reads: " Two dollars per month *for* each child," really means *because of*, each child, not *for the use* of the child, but because of the child —because of the existence of the child and the duty of its natural mother to support it,—for the use of the widow. It is claimed by the plaintiff that if the mother had not applied for this pension, that the child might have applied in her own behalf, and obtained the money. It was claimed on behalf of plaintiff, that defendant having agreed, before she applied for pension, to apply for herself, and her daughter, and to give her daughter the portion obtained on her account, on condition that the daughter would assist her in obtaining the pension, there was sufficient consideration for the promise, and upon which to maintain the action.

The court is of the opinion that such a construction cannot be placed upon the law. The law seems to provide that where a child has a step-mother, she must care for, and provide for the child, or else she cannot draw the pension otherwise provided for her; but it is the duty of a natural mother to care for her children, and unless a probate court should, under the provisions of section 4706, certify to the department that the widow had abandoned her children, it seems clear that the money should have been paid to the widow of the deceased soldier, and in this case that is what the department did. The plaintiff does not claim to be a pension attorney, nor does she sue for services rendered to and for the defendant, and if she did, her action would not lie under the account for money had and received; she claims that the money belongs to her, and that the defendant, her mother, should in justice and in honestly account to her for the same.

It seems clear to the court that the defendant, the widow of John Sohner, properly received this money as her own persion; that she had a right to use it as her own, and the plaintiff has no interest in the money, and no right of action would lie in her behalf for the same. Any promises made by defendant to pay the plaintiff the amount received, would be naked promises, founded upon no consideration, and not sustained by the evidence in this case.

The jury will be instructed to return a verdict in favor of the defendant upon the first cause of action.

*N. W. Evans* and *D. Livingston*, for plaintiff.

*Jonathan S. Dodge*, for defendant.